## EX PARTE PAUL H. SLOAN.

No. 19097.  Delivered May 12, 1937.
Rehearing Denied June 9, 1937.

574

The opinion states the case.

*Herman G. Nami,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the Hon. W. W. McCrory, Judge of the Criminal District Court of Bexar County, Texas, remanding appellant to the custody of the sheriff of said county to be held by him until the duly authorized agent of the State of Florida was ready to receive him and convey him to said State.

It appears from the record that on the 16th day of January, A. D., 1937, the Governor of the State of Florida issued a requisition warrant upon the Governor of this State requesting him to issue an executive warrant for the arrest and detention of appellant, and to surrender him to Rex Sweat, sheriff, or his deputy, as the duly designated agent for the State of Florida, to be conveyed by him to the said State to answer a charge of robbery. On the 21st day of January the governor of this State issued his executive warrant in which he states that it has been made known to him by the Governor of Florida that Paul H.

Sloan stands charged by affidavit and information with the offense of robbery alleged to have been committed in said State, etc. The sheriff of Bexar County, by virtue of said warrant, arrested appellant and confined him in jail to await the arrival of the duly authorized agent of the demanding State. Thereafter on said date appellant applied to the Hon. W. W. McCrory, judge of said court, for a writ of habeas corpus. The judge ordered the writ to be issued as prayed for and set the hearing thereof for the 22nd day of January, at which time the State offered in evidence the requisition issued by the Governor of Florida, the executive warrant issued by the Governor of this State, together with the affidavit of the county solicitor for the County of Duval, State of Florida, that upon information furnished to him he charged appellant with the offense of robbery, etc.,—to all of which appellant objected for various reasons which we do not deem necessary to state. Thereupon the court at the request of the State suspended the proceedings until the following day, at which time the State made known to the court and to the appellant that it was in possession of another executive warrant issued by the governor of this State. Upon receiving said information appellant filed his second application for a writ of habeas corpus which was duly issued and the two cases consolidated by the court—to which appellant objected and demanded a ruling on his first application, which was denied. Appellant then filed an application for a postponement of the proceedings until he could obtain from the Secretary of State of this State certified copies of all papers and documents upon which the executive warrant was issued because he believed that the same would disclose that the executive warrant was not issued upon sufficient legal authority. The application was denied—to which appellant excepted and by bill of exception brings the matter before this court for review.

It is our opinion that the court did not abuse his discretion in declining to grant the application because the grounds assigned in the application are merely based on belief or suspicion of appellant. No definite charge is made that said papers or documents were irregular or insufficient to authorize the issuance of the executive warrant. In the absence of any direct and positive allegation of irregularity by the duly constituted authorities the presumption prevails that their acts were regular and in accordance with the law. The State then offered as evidence the second executive warrant which was in due form. It also offered a certified copy of an affidavit made by R. S.

Lawrence before a justice of the peace in and for district number four of Duval County, Florida, charging appellant with the offense of robbery by the use of a deadly weapon and a certified copy of the warrant of arrest issued by said justice of the peace. The State then offered A. B. Cruse as a witness who testified that he lived at Jacksonville in the State of Florida; that he had seen appellant before; that he saw him on the night of February 8th and the morning of the 9th in the city of Jacksonville, Florida. Appellant offered no testimony. Upon the conclusion of the hearing the court remanded appellant to the custody of the sheriff of Bexar County, to be by him delivered to the duly authorized agent of the State of Florida. Appellant excepted to the foregoing proceedings and gave notice of appeal to this court.

It seems to be the contention of appellant that inasmuch as the original executive warrant was deemed irregular he was entitled to a discharge as the State was without legal authority to issue a second executive warrant based upon the same charge until the former proceedings had been finally disposed of. The Supreme Court of the United States in the case of Stallings v. Splain, 253 U. S., 339, said:

"A person duly charged with a felony in one State, may, if he flees to another, be arrested, without a warrant, by a peace officer in the State in which he is found and be detained for the reasonable time necessary to enable a requisition to be made. * * *

"If the original arrest and detention had been illegal, Stallings would not be entitled to his discharge, if before final hearing in the habeas corpus proceedings legal cause for detaining him had arisen through the institution of removal proceedings. Where it appears that sufficient ground for detention exists a prisoner will not be discharged for defects in the original arrest or commitment."

It occurs to us that the State was not precluded from instituting new or additional proceedings if it deemed it necessary or advisable in order to supplement those originally instituted.

Having reached the conclusion that no error was committed in the trial of said cause, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In a motion for rehearing appellant renews his contention that the request for postponement should have been granted by the trial court and that this court was in error in holding to the contrary. We remain of opinion that the grounds upon which postponement was requested was too speculative to have justified a further delay in the hearing.

The motion for rehearing is overruled.

*Overruled.*