**Rodney Lawrence RENTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–00136–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 11, 1992.

Kenneth R. Poland, The Woodlands, for appellant.

Julie Klibert, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from the denial of a writ of habeas corpus. We affirm. Appellant sought relief from a Governor's Warrant directing his extradition to the State of Florida, where he is wanted on the charge of trafficking in cocaine. The trial court conducted a hearing and denied habeas corpus relief on February 6, 1992. In two points of error, appellant complains that (1) the affidavit and descriptors from the demanding state are insufficient to establish probable cause against appellant; and (2) the State never proved the person in custody is the same person wanted in Florida.

Appellant contends in his first point of error that the affidavit and descriptors from the demanding state were insufficient to establish probable cause against him. The purpose of habeas corpus review of an extradition proceeding is not to inquire into the viability of the prosecution or confinement in the demanding state; rather the sole purpose is to test the legality of the extradition proceedings. *Ex parte Geringer*, 778 S.W.2d 132, 134 (Tex. App.—Houston [1st Dist.] 1989, no pet.). The United States Supreme Court held that:

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).

The Governor's Warrant, authorizing appellants return to the State of Florida, was issued October 15, 1991. The affidavit of probable cause attached to the Governor's Warrant stated:

> On or about August 1, 1991, Rodney Rentz, pursuant to an agreement with Author Mullen, delivered through United Parcel Service more than 28 grams of cocaine from Houston, Texas, to 4900 Bayou Blvd., Suite 115A, Escambia County, Florida. Later on August 8, 1991, Escambia County deputies, utilizing an informant, accomplished a control buy of approximately 2 oz. (approximately 55 grams) of cocaine from Mr. Mullen at 4900 Bayou Blvd., Suite 115A, Escambia County, Florida. During conversations between Mullen and the confidential informant, Mullen indicated that he was receiving the cocaine from "Rod" meaning Rodney Rentz. On or about August 13, 1991, Rodney Rentz delivered through United Parcel Service over 28 grams of cocaine to Author Mullen at 4900 Bayou Blvd., Suite 115A, Escambia County, Florida. On that date, at that

location, officers executed a Search Warrant and seized a United Parcel Service next day air letter package from Mr. Mullen address to Rodney Rentz in Houston, Texas, which package contained approximately $2,900 in cash together with notes summarizing proposed sales of cocaine. Mr. Mullen, after his arrest, said to Deputy Shelby that the cocaine he received on August 8, 1991 and August 13, 1991, was delivered to him by Rodney Rentz through United Parcel Service. This is in violation of section (s) 893.-135(1)(b) 1.A, Board of Statutes.

We find the issuance of the valid Governor's Warrant attaching this affidavit of probable cause was sufficient to meet the requirements established in *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

It appears that appellant is arguing, as he did in the court below, that the affidavit supporting the request for extradition lacked probable cause in that appellant was not in the demanding state at the time of the offense. This argument fails, however, because once the governor of the asylum state acts on a requisition for extradition based on the demanding state's judicial determination that probable cause exists, no further judicial inquiry may be had on that issue in the asylum state. *Michigan v. Doran*, 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521 (1978); *Ex parte Terranova*, 341 S.W.2d 660, 662 (Tex.Crim.App. 1960) (citations omitted) ("In determining whether extradition is proper, the merits of the charge or the guilt of the accused cannot be inquired into."). It is clear from the introduction of the documents that the State met its burden that there had been a judicial determination of probable cause.

■ Also, article 51.13 of the Code of Criminal Procedure (Extradition Act) expressly provides for situations, as in the case at bar, where appellant is charged with committing an act in this State which resulted in a crime in another State. TEX. CODE CRIM.PROC.ANN. art. 51.13, sec. 6 (Vernon 1979) ("Governor of this State may also surrender ... any person in this State charged in such other State ... with committing an act in this State ... intentionally resulting in a crime in the State whose Executive Authority is making the demand ... *even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom.*"); *See Ex parte Malone*, 378 S.W.2d 330, 332 (Tex.Crim.App.1964) (extradition to Arkansas for crime under Arkansas Hot Check Law valid where Malone committed crime in Texas when he wrote hot check in Texas and sent to Arkansas); *Ex parte Coleman*, 245 S.W.2d 712, 715 (Tex.Crim. App.1951) (Extradition Act authorizes extradition of persons in cases of non-support regardless of their presence in the demanding state). The Court of Criminal Appeals has held this particular section constitutional. *Ex parte Peairs*, 283 S.W.2d 755, 758 (Tex.Crim.App.1955) (rehearing) (Extradition Act constitutional even though statute forming basis of demanding state's extradition might be unconstitutional). Appellant is charged with sending a package via United Parcel Service containing cocaine to a co-defendant in the State of Florida. Therefore, it was not necessary for the State to prove that appellant was in the demanding state at the time of the offense.

Since the Court could not go into the merits of the case to determine if probable cause existed and appellant was extradited pursuant to TEX.CODE CRIM.PROC.ANN. art. 51.13, section 6, which makes it unnecessary to prove appellant was in the demanding state at the time of the offense, appellant's first point of error is without merit. Appellant's first point of error is overruled.

■ In appellant's second point of error, he contends the State never proved that he was the same person wanted in Florida. It is well established that introduction of the Governor's Warrant, regular on its face, is sufficient to make out a prima facie case authorizing extradition. *Ex parte Burns*, 507 S.W.2d 777, 778 (Tex. Crim.App.1974). Having established a prima facie case by the introduction of the Governor's Warrant, the state has no further burden of proof as to the identity of the accused unless identity is put into issue by the accused. The introduction of the

executive warrant shifts the burden to the accused and it is then incumbent upon him to show that he is not the person charged in the demanding state. *Ex parte Clubb*, 447 S.W.2d 185, 186 (Tex.Crim.App.1969). A sworn affidavit by the accused introduced into evidence wherein he unequivocally denies his identity is sufficient to place identity in issue. *Ex parte Nelson*, 594 S.W.2d 67, 68 (Tex.Crim.App.1979); *Ex parte Meador*, 597 S.W.2d 372, 374 (Tex. Crim.App.1980). Nevertheless, in the present case, appellant did not contest his identity by sworn affidavit. The affidavit sworn to by appellant's attorney in the application for writ of habeas corpus is insufficient to place the petitioner's identity into issue. *Van Hobbs v. State*, 801 S.W.2d 198, 199 (Tex.App.—Houston [14th Dist.] 1990, no pet.). Appellant's second point of error is overruled.

Accordingly, the denial of writ of habeas corpus is affirmed.