**Ex parte Clyde Perry McCLINTICK.**

**Nos. 04–96–00308–CR, 04–96–00552–CR.**

Court of Appeals of Texas,
San Antonio.

March 26, 1997.

Alex J. Scharff, San Antonio, for appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for appellee.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

RICKHOFF, Justice.

These consolidated appeals arise from the denial of habeas corpus where the appellant, Clyde Perry McClintick, sought relief from two separate governor's warrants directing his extradition to the state of Arizona. In four points of error, McClintick complains the trial court erred in denying relief because the governor's warrant and supporting paperwork are insufficient. He also complains that successive governor's warrants violate due process and fundamental fairness. We dismiss as moot appeal number 04–96–00308–CR and affirm appeal number 04–96–00552–CR.

## Background

McClintick was arrested pursuant to a governor's warrant that alleged he fled from Arizona where he was charged with aggravated assault and endangerment. McClintick filed an application for writ of habeas corpus asserting that his "conviction" was void and the requisition order was defective. The paperwork supporting the warrant showed that McClintick had voluntarily failed to appear for trial, that an Arizona jury had reached a verdict *in absentia*, and that the Arizona court had not yet sentenced McClintick. After holding an evidentiary hearing, the trial court denied habeas corpus relief and ordered McClintick's extradition.

While McClintick's appeal was pending (appellate cause number 04–96–00308–CR), the governor's office issued a second warrant and withdrew the earlier warrant. McClintick was again arrested and filed a second application for writ of habeas corpus. After hearing argument that the second warrant violated due process and fundamental fairness, the trial court denied McClintick's requested relief. McClintick appealed (appellate cause number 04–96–00552–CR), and the two appeals were consolidated by this court.

## Arguments on Appeal

The State argues that appeal number 04–96–00308–CR is moot because the underlying governor's warrant was withdrawn. We agree. *See Ex parte Knight*, 904 S.W.2d 722, 725 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (holding that dismissal of complaint rendered application for habeas corpus moot). Accordingly, appeal number 04–96–00308–CR is dismissed.

In addressing appeal number 04–96–00552–CR, we note that only the legality of the extradition proceedings may be reviewed; the viability of the demanding state's prosecution or confinement may not be tested. *Rentz v. State*, 833 S.W.2d 278, 279 (Tex.App.—Houston [14th Dist.] 1992, no pet.). When reviewing the legality of an arrest under a governor's warrant, we consider only the following issues: (1) are the extradition documents valid on their face; (2) did the demanding state charge the applicant/appellant with a crime; (3) is the applicant/appellant the person named in the request for extradition; and (4) is the applicant/appellant a fugitive? *Id.* (citing *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978)). McClintick's points of error focus on the first two issues, the validity of the documents and the charge.

## Validity of the Second Warrant

In his first point of error, McClintick contends that he was denied due process and fundamental fairness by the second governor's warrant. Because a due process challenge must be presented to the courts of the demanding state, *Ex parte Davis*, 873 S.W.2d 711, 712 (Tex.App.—Fort Worth 1994, no pet.), we read McClintick's point of error as a challenge to the validity of the second set of extradition papers.

McClintick maintains that errors in the first warrant cannot be corrected while the matter is on appeal. We disagree. "[T]he state was not precluded from instituting new or additional proceedings if it deemed it necessary or advisable to supple-

ment those originally instituted." *Ex parte Sloan*, 132 Tex.Crim. 573, 106 S.W.2d 271, 272 (1937);[1] *see also Mirchandani v. United States*, 836 F.2d 1223, 1226 (9th Cir.1988). Unlike the situation in *People ex rel. Bowman v. Woods*, 46 Ill.2d 572, 264 N.E.2d 151, 153 (1970), which is cited by McClintick, here we are not faced with a lengthy delay between extradition proceedings that would raise a fairness question.

■ McClintick also argues that fundamental fairness demands that his appeal be treated as a "discharge" for res judicata purposes. However, the Court of Criminal Appeals has implicitly rejected this argument. *See Ex parte Sloan*, 106 S.W.2d at 272. Furthermore, the first extradition proceeding cannot act as res judicata to subsequent proceedings. *In re McMullen*, 989 F.2d 603, 612–13 (2d Cir.), *cert. denied*, 510 U.S. 913, 114 S.Ct. 301, 126 L.Ed.2d 249 (1993); *Castriotta v. State*, 111 Nev. 67, 888 P.2d 927, 928, *cert. denied*, —— U.S. ——, 116 S.Ct. 54, 133 L.Ed.2d 18 (1995). Because the second extradition proceeding was proper, we overrule McClintick's first point of error.

### Validity of the Arizona Trial

■ In his second point of error, McClintick argues the trial court erred in denying habeas corpus relief because the extradition request is "based on a void trial," that is, one held *in absentia*. McClintick says he cannot be extradited because there is no evidence that he voluntarily waived his right to appear at trial.[2] The State maintains this argument is outside the scope of our review. *See Rentz*, 833 S.W.2d at 279.

McClintick acknowledges that a habeas corpus proceeding is limited in scope because it is not a trial on the merits but a hearing on the governor's warrant. *See Bentley–Guest v. State*, 837 S.W.2d 413, 415 (Tex.App.—San Antonio 1992, no pet.). He contends, howev-

1. McClintick contends that *Sloan* is distinguishable because the trial court consolidated separate attacks on consecutive executive warrants. Here, the trial court ruled on the first habeas corpus application and later ruled on the second application. We find this distinction immaterial.

2. In either Texas or Arizona, a defendant may waive appearance at trial. TEX.CODE CRIM.PROC.

er, that he may challenge a void conviction at any time. *See Heath v. State*, 817 S.W.2d 335, 336 (Tex.Crim.App.1991). While this may be true, we hold that McClintick has not been convicted and may not challenge the Arizona trial in this proceeding.

■ A defendant is not "convicted" until sentenced. *Stokes v. State*, 688 S.W.2d 539, 541 (Tex.Crim.App.1985); *Chapin v. State*, 671 S.W.2d 608, 610 (Tex.App.—Houston [1st Dist.] 1984, no pet.); *State v. Burkett*, 179 Ariz. 109, 876 P.2d 1144 (Ct.App.1993), *cert. denied*, 513 U.S. 1121, 115 S.Ct. 923, 130 L.Ed.2d 802 (1995). The documentation in this case indicates that the jury reached a verdict, but the trial court did not sentence McClintick. Because McClintick was not convicted, the validity of the Arizona trial is a matter for that state to decide. *Cf. Ex parte McConnell*, 726 S.W.2d 632, 634 (Tex.App.—Fort Worth 1987, no pet.) ("whether Arizona may prosecute . . . is a matter that must be determined by a court in that jurisdiction"). Accordingly, we overrule McClintick's second point of error.

### Fatal Variance

■ In his third point of error, McClintick asserts that the trial court erred in denying habeas corpus relief because there is a fatal variance between the governor's warrant and the supporting papers. Specifically, the warrant indicates that McClintick was "charged" and "remains to be sentenced," but the supporting paperwork indicates that McClintick was tried *in absentia*. Because McClintick concludes that he was "convicted," he contends the warrant must be accompanied by a judgment of conviction and a statement by the Arizona executive claiming that McClintick violated bail, probation, or parole. The supporting paperwork contains neither document.

ANN. art. 33.03 (Vernon 1989) (permitting trial to proceed when the defendant voluntarily absents himself after pleading to the charge or after the jury has been selected); ARIZ.R.CRIM.PROC. 9.1 (West Supp.1996) (permitting any proceeding to continue when the defendant voluntarily absents himself).

The governor of the asylum state may not recognize a demand for extradition unless the demand includes either (1) a copy of an indictment; (2) an information supported by affidavit; (3) a copy of an affidavit before a magistrate in the demanding state, together with the warrant that issued on it; or (4) a copy of a judgment of conviction or of a sentence imposed, together with a statement by the demanding executive claiming that the individual has violated the terms of bail, probation, or parole.[3] TEX.CODE CRIM.PROC.ANN. art. 51.13, § 3 (Vernon 1979); *Noe v. State,* 654 S.W.2d 701, 702 (Tex.Crim.App.), *cert. denied,* 464 U.S. 997, 104 S.Ct. 497, 78 L.Ed.2d 689 (1983). These requirements show that applicant/appellant was charged in the regular course of judicial proceedings. *Ex parte Rosenthal,* 515 S.W.2d 114, 119 (Tex.Crim.App.1974).

As explained above, McClintick has not yet been convicted of aggravated assault and endangerment. Therefore, a judgment was not required to support the Arizona demand. Instead, it was properly supported by an indictment. For this reason, we overrule McClintick's third point of error.

### Validity of the Affidavit

 In his fourth and final point of error, McClintick asserts the trial court erred in denying habeas corpus relief because the application for requisition is supported by a defective affidavit. The affidavit's verification states that "I, Vincent H. Tolino, being duly sworn, on my oath say that the facts stated in the foregoing application are true to the best of *my knowledge and belief.*" (Emphasis added.)

McClintick mistakenly cites TEX.CODE CRIM.PROC.ANN. art. 51.13, § 23(3) (Vernon 1979), to support his argument. This section prescribes the documents to be forwarded to the asylum state when Texas is the demanding state. *Id.* (entitled "Application for Issuance of Requisition; By Whom Made; Contents"); *see also Ex parte Stacey,* 682 S.W.2d 348, 350 (Tex.App.—Dallas 1984), *rev'd on*

*other grounds,* 709 S.W.2d 185 (Tex.Crim. App.1986). However, even if the Arizona version of the Uniform Criminal Extradition Act contains a provision identical to section 23(3) of article 51.13, then we note that we may not look beyond the requisition to question the application. *Rayburn v. State,* 748 S.W.2d 285, 289 (Tex.App.—Tyler, 1988, no pet.). Furthermore, supporting affidavits based upon information and belief are sufficient in extradition proceedings. *See Ex parte McDonald,* 631 S.W.2d 222, 224 (Tex. App.—Fort Worth 1982, pet. ref'd), *cert. denied,* 459 U.S. 1205, 103 S.Ct. 1193, 75 L.Ed.2d 438 (1983). Thus, we overrule McClintick's fourth point of error.

### Conclusion

We dismiss as moot McClintick's appeal in cause number 04–96–00308–CR. In cause number 04–96–00552–CR, we affirm the trial court's order denying McClintick habeas corpus relief.

---

**3.** Apparently, McClintick is misreading the statute by requiring each type of document to state that the defendant broke the terms of bail, probation, or parole. *See Henson v. State,* 885 S.W.2d 485, 487 (Tex.App.-El Paso 1994, no pet.) (indicating that this requirement applies only when a judgment of conviction or sentence is used to support the demand).