**Ex Parte Jorge Luis LOPEZ**

No. 04-98-00523-CR.

Court of Appeals of Texas,
San Antonio.

Feb. 3, 1999.

Rehearing Overruled April 15, 1999.

Alberto M. Ramon, Law Office of Alberto M. Ramon, Eagle Pass, for Appellant.

Roberto Serna, District Attorney, Robert Lee Little, Assistant District Attorney, Eagle Pass, for Appellee.

Before ALMA L. LÓPEZ, Justice CATHERINE STONE, Justice PAUL W. GREEN, Justice.

CATHERINE STONE, Justice.

Jorge Luis Lopez appeals the trial court's denial of his writ of habeas corpus challenging his extradition to the State of Minnesota. In his sole point of error, Lopez argues the trial court erred in denying relief because both Texas and Minnesota have delayed in completing this extradition proceeding which began in 1996. We affirm the trial court's order.

## PROCEDURAL HISTORY

In December 1994, Lopez was arrested in Eagle Pass, Texas pursuant to a governor's warrant for extradition to Rice County, Minnesota. Lopez was released on bond, and in July 1995, he unsuccessfully challenged his extradition through an application for writ of habeas corpus in the trial court. Lopez appealed the denial of his requested relief to this court. In a written opinion issued in March 1996, this court affirmed the trial court's order. Thereafter, on May 24, 1996, in accordance with this court's opinion, the District Clerk of Maverick County, Texas issued an alias capias for the arrest of Lopez. For reasons not apparent from our record, Lopez was not arrested until March 19, 1998. He was arrested, not pursuant to the 1996 capias, but under a fugitive warrant issued from the Municipal Court of the City of Eagle Pass which, it appears, was the result of Minnesota's renewed efforts to apprehend Lopez once authorities realized the extradition process had not been completed. From 1996 to 1998, Lopez lived in Eagle Pass, Texas with his family where he was gainfully employed by a freight-forwarding company.

On March 20, 1998, Lopez filed a second application for writ of habeas corpus seeking bail, arguing that his arrest and confinement following a two-year delay occasioned by both the State of Texas and the State of Minnesota constitutes cruel and unusual punishment in derogation of the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Texas Constitution, and violates the due process clause of the Fourteenth Amendment of the United States Constitution, and the due course of law clause of Article I, Sections 19 of the Texas Constitution. In connection with his second application, Lopez filed a motion to dismiss with prejudice the extradition proceeding, arguing that the failure to arrest him during the ninety-day period following the issuance of the 1996 capias resulted in the discharge of the proceedings against him, that discharge of the proceedings prevented a second arrest, and that he was illegally detained in the absence of a valid governor's warrant. *See* TEX.CODE CRIM. PROC. ANN. arts. 51.05, 51.07, 51.08 (Vernon 1989). Following a hearing, the trial court denied all requested relief.

## DISCUSSION

■ Our review of the denial of habeas corpus relief in an extradition proceeding is limited to the following issues: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *Ex parte Flores*, 548 S.W.2d 31, 32 (Tex.Crim.App.1977); *Ex parte McClintick*, 945 S.W.2d 188, 190 (Tex.App.— San Antonio 1997, no pet.). Lopez's arguments on appeal do not concern any of the above-identified discrete issues. Instead, his complaint focuses on the delay of his arrest following this court's affirmance of the trial court's first denial of habeas corpus relief. Lopez asserts that the two-year delay in executing the 1996 capias rendered the extradition proceeding stale and constitutionally void. He further argues that the March 19, 1998 arrest was not authorized by law. Lopez acknowledges that due process challenges in the context of extradition proceedings are ordinarily considered in the demanding state's court, not the sending state's court, *see Ex parte McClintick*, 945 S.W.2d at 190, but he urges that the facts of this case present an exception to the general rule because the constitutional challenge concerns the exercise of our jurisdiction under Rule 51.2 of the Texas Rules of Appellate Procedure. Lopez thus concludes that the proper remedy for the State's delay in completing his extradition process is dismissal of the

proceeding and his discharge. Finding no direct authority for Lopez's arguments, we reject them.

■ The controlling assumption running throughout Lopez's argument is that a capias issued pursuant to our disposition in a criminal case, if not executed within a *reasonable* period,[1] becomes stale or void. Rule 51.2(b)(1) of the Texas Rules of Appellate Procedure sets forth the procedure following our affirmance of a judgment in a criminal case. By its terms, this rule provides that if the judgment contains a sentence of confinement or imprisonment that has not been suspended, the trial court must promptly issue a capias for the defendant's arrest so that the sentence can be executed. Tex. R.App. P. 51.2(b)(1). Rule 51.2(b)(3) further directs the sheriff to promptly execute the capias as directed. Tex.R.App. P. 51.2(b)(3). The rule calls for prompt dispatch of the capias; however, the rule does not limit or otherwise define the duration of the capias' force. Indeed, we have found no direct authority nor has Lopez provided any direct authority to this court in support of his contention that a capias expires or becomes stale and, accordingly, we reject it. *Cf.* Tex.Code Crim. Proc. Ann. art. 23.07 (Vernon 1989) (capias, issued in proceeding after commitment or bail before trial, "shall not lose its force if not executed and returned at time fixed in the writ, but may be executed at any time afterward and return be made. All proceedings under such capias shall be as valid as if the same had been executed and returned within the time specified in the writ."). When served, albeit almost two years after its issuance, the 1996 capias remained in full force and it authorized the arrest of Lopez for his extradition to the State of Minnesota pursuant to the governor's warrant. Moreover, because the 1996 capias was a valid instrument when executed, Lopez's complaint regarding his arrest under the fugitive warrant is legally immaterial. That is, the issuance and execution of the fugitive warrant was superfluous in light of the valid, unexecuted 1996 capias.

1. We do not decide today the point at which a delay in executing a capias becomes unreasonable.

■ Finally, we also reject the argument that the two-year delay in execution of the capias violated Lopez's rights of due process and due course of law. Lopez has failed to demonstrate how a delay in the completion of the final step of the extradition process, a purely ministerial act, *see State ex. rel. Curry v. Davis,* 689 S.W.2d 214, 215 (Tex.Crim.App. 1984) (execution of capias after mandate is purely ministerial act), amounts to a denial of notice and/or the opportunity to be heard. *See Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (due process at minimum requires notice and opportunity to be heard at meaningful time and in meaningful manner); *see also Bath v. State,* 951 S.W.2d 11, 20 (Tex.App.—Corpus Christi 1997, pet. ref'd ) *cert. denied,* —— U.S. ——, 119 S.Ct. 80, 142 L.Ed.2d 62 (1998) (citing *University of Tex. Medical Sch. v. Than,* 901 S.W.2d 926, 929 (Tex.1995)) (Texas Supreme Court has held that due course of law clause in Texas Constitution is slightly different from due process clause in Fourteenth Amendment, but that two clauses are similar and "without meaningful distinction"). These rights have been protected in connection with the first habeas corpus proceeding. While we cannot say that the completion of this extradition process has been a model of efficiency, we find that Lopez's proposed remedy of dismissal and discharge is neither justified nor appropriate. Because the 1996 capias was a valid instrument when executed, Lopez's confinement under it is legal.

The order of the trial court is affirmed.