No. 04-00-00339-CR



EX PARTE Stephen S. DELORENZO





From the 379th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-W-0114


Honorable Bert Richardson, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: March 28, 2001 


AFFIRMED


 This is an appeal from the denial of habeas corpus where the appellant, Stephen
DeLorenzo, sought relief from a governor's warrant directing his extradition to the state of
Massachusetts. In one point of error, DeLorenzo complains the trial court erred in denying
relief because both the governor's warrant and the underlying demand contain fatal
deficiencies. We affirm. 



Background

 DeLorenzo was convicted in Massachusetts on two counts of assault with intent to
murder and one count of unlawfully carrying a firearm. Following his incarceration, he
escaped, was arrested in Mexico, and extradited to Texas. DeLorenzo filed a writ of habeas
corpus and was granted a hearing. At the hearing, the State introduced the executive warrant
of the governor of Texas, together with the Massachusetts governor's demand for extradition,
including supporting documentation of DeLorenzo's convictions and escape. After an
evidentiary hearing, the trial court denied habeas corpus relief and ordered DeLorenzo's
extradition to Massachusetts. 

Standard of Review

 The legality of extradition proceedings may be reviewed by habeas corpus, but the
validity of the demanding state's prosecution or confinement may not be challenged. Ex
parte McClintick, 945 S.W.2d 188, 190 (Tex. App.-San Antonio 1997, no pet.). When
reviewing the legality of an arrest under a governor's warrant, we consider only the
following issues: (1) are the extradition documents valid on their face; (2) did the demanding
state charge the applicant/appellant with a crime; (3) is the applicant/appellant the person
named in the request for extradition; and (4) is the applicant/appellant a fugitive? Ex parte
Lopez, 988 S.W.2d 788, 789 (Tex. App.-San Antonio 1999, no pet.). DeLorenzo's point of
error focuses on the validity of the documents.

 The governor of the asylum state may not recognize a demand for extradition unless
the demand includes either (1) a copy of an indictment; (2) an information supported by
affidavit; (3) a copy of an affidavit before a magistrate in the demanding state, together with
the warrant that issued on it; or (4) a copy of a judgment of conviction or of a sentence
imposed in execution thereof, together with a statement by the demanding executive claiming
the individual has escaped from confinement or violated the terms of bail, probation, or
parole. Tex. Code Crim. Proc. Ann. art. 51.13, § 3 (Vernon 1979); McClintick, 945
S.W.2d at 192 (citing Noe v. State, 654 S.W.2d 701, 702 (Tex. Crim. App. 1983)). These
requirements show the applicant/appellant was charged in the regular course of judicial
proceedings. Ex parte Rosenthal, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974). The
documents supporting the governor's warrant may be used to meet these requirements. Ex
Parte Morales, 810 S.W.2d 470, 473 (Tex. App.-Amarillo 1991, no pet.). 

Discussion

 In his first challenge, DeLorenzo claims the demand for extradition is insufficient
because it fails to state he escaped from confinement as required by Tex. Code Crim. P.
Ann. art. 51.13 § 3. We disagree. The demand from the Executive Authority, the governor
of Massachusetts, includes statements that DeLorenzo is "CHARGED BY THE COMPAINT
(sic) OF ESCAPE which [is] a crime under the laws of [Massachusetts]" and DeLorenzo
"fled from the justice of this State." We may take judicial notice of the elements of the crime
of "escape" as set forth in Mass. Gen. Laws ch. 268, § 16 (2000). To be charged with
escape, the accused must have been in the custody of or committed to a Massachusetts penal

institution. Id. Therefore, the Massachusetts governor's demand properly contains a
statement that DeLorenzo escaped from confinement.

 DeLorenzo also complains the demand for extradition fails to include a charging
instrument charging him with escape. However, the demand for extradition is not based
solely on the charge of escape. It is primarily based on the three convictions and the fact that
DeLorenzo escaped from prison and fled the state before completing his sentence for those
crimes. Failure to include a charging instrument for the escape charge does not render the
demand insufficient.

 DeLorenzo says the demand fails because it contains no judgments showing
DeLorenzo was convicted of a crime. A demand for extradition may be accompanied by any
one of several different documents listed in Tex. Code Crim. P. Ann. art. 51.13 § 3. Ex
parte Morales, 810 S.W.2d at 473. In this case, the demand includes (1) copies of
DeLorenzo's indictments for assault with intent to murder and unlawfully carrying a weapon
and (2) copies of the sentences imposed in execution of the convictions. Article 51.13 § 3
requires only one of these for the demand to be sufficient.

 In his last complaint, DeLorenzo says the demand for extradition is insufficient
because it fails to comply with the requirements of Tex. Code Crim. P. Ann. art. 51.13 §
23(1-3) (Vernon Supp. 2000). Section 23 applies only to "the return to this State [Texas] of
a person charged with crime in this State." By its terms, section 23 does not apply to the
extradition of a prisoner from Texas to another state. Id., McClintick, 945 S.W.2d at 192.
Even if the Massachusetts version of the Uniform Criminal Extradition Act contains a
provision identical to section 23 of article 51.13, we may not look beyond the requisition to
question the application. McClintick, 945 S.W.2d at 192. 
Conclusion


 We hold the governor's warrant and accompanying demand for extradition are
sufficient and overrule DeLorenzo's point on appeal. The judgment of the trial court is
affirmed.

 PAUL W. GREEN,

 JUSTICE

DO NOT PUBLISH