IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-40211
Summary Calendar

---

GUY EDWIN SPARKMAN,

Plaintiff-Appellant,

versus

AMERICAN BAR ASSOCIATION ET AL.,

Defendants,


AMERICAN BAR ASSOCIATION; TEXAS BAR ASSOCIATION; SMITH
COUNTY BAR ASSOCIATION; WILLIAM JEFFERSON CLINTON, President
of the United States of America; JANET RENO, U.S. Attorney
General; GEORGE BUSH, JR., Governor, State of Texas; JOHN
CORNYN, Texas Attorney General; CAROLYN KING, Judge, Fifth
Circuit Court of Appeals; HENRY A. POLITZ, Judge, Fifth
Circuit Court of Appeals; EDITH JONES, Judge, Fifth
Circuit Court of Appeals; JERRY SMITH, Judge, Fifth Circuit
Court of Appeals; ROBERT M. PARKER, Judge, Fifth Circuit Court
of Appeals; WILLIAM M. STEGER, U.S. District Judge,
Eastern District of TX; JUDITH GUTHRIE, U.S. Magistrate
Judge, Eastern District of TX; THOMAS PHILLIPS, SR., Judge,
Supreme Court of TX; MIKE MCCORMICK, Judge, TX Criminal
Court of Appeals; PAT MCDOWELL, Judge, 1st Administrative
Judicial District of TX; ROBY HADEN, Associate Justice;
CHARLES HOLCOMB, Ex-Associate Justice; JOHN BERRY; UNKNOWN
PARTY, DR., Other unknown parties in the various courts mentioned
herein; TOM B. RAMEY, JR., Chief Justice of the 12th
Court of Appeals of TX; WILLIAM J. CORNELIUS, Justice, 6th
Appellate District; BEN Z. GRANT, Justice, 6th Appellate
District; DONALD ROSS, Justice, 6th Appellate District; TIBBY
HOPKINS, Clerk of Court of Appeals of TX, 6th Appellate District,


Defendants-Appellees,

---

Appeal from the United States District Court
for1 the Eastern District of Texas
USDC No. 2:99-CV-182

---

November 21, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guy Edwin Sparkman appeals from the dismissal of his civil-rights action for failure to state a claim. Sparkman contends that the magistrate judge was unauthorized to issue a report and recommendation; that the district court erred by disposing his action before the American Bar Association (ABA), an indispensible party, made an appearance and filed an answer; that the district court violated various constitutional rights by dismissing his action prematurely; that the district court erred by dismissing his action for failure to state a claim; and that the district judge failed to review the magistrate judge's report and recommendations de novo.

Sparkman seeks relief based on actions in both criminal and civil actions. To the extent he seeks damages in an attempt to undermine his state-court convictions, he has no cause of action until he can show that his convictions have been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

Sparkman's contention regarding the magistrate judge's authorization is without a basis in law. The magistrate judge was authorized to issue a report and recommendations for the district court's consideration once the district court referred the case to him. 28 U.S.C. § 636(b)(1)(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sparkman's contention regarding the dismissal of his action before the ABA could appeal and answer lacks a factual basis -- the ABA already was named as a defendant and did not need to be brought in through FED. R. CIV. P. 19, which provides for joinder of indispensible parties. Sparkman does not argue why any response by the ABA was necessary for the district court to dispose of his action, and it is not apparent from the record why any response would be necessary.

Sparkman argues in some detail that the district court deprived him of his right of access to the courts and his right to a jury trial when dismissing his action. He argues in conclusional fashion that the district court violated his rights by dismissing the action without notice, without any motions, without hearings, without evidence, and without giving him an opportunity to amend.

Aside from his access-to-courts and jury-trial contentions, Sparkman does not argue his issues beyond merely stating them. *See id*. He has failed to brief the issues for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Sparkman relies on adverse judicial rulings for his contention that he has been deprived of access to the courts. He has not shown that he was deprived of his access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977).

Sparkman has not shown that there were factual issues requiring findings by a jury. Dismissal of his action pursuant to Rule 12(b)(6) therefore did not violate his Seventh Amendment

right to a jury trial.  *Davis v. United States Government*, 742 F.2d 171, 173 (5th Cir. 1984)(summary-judgment case).

Sparkman contends that the district court erred by dismissing his action for failure to state a claim and that he should have been allowed to amend his complaint before it was dismissed.  He argues that the district court had power to grant relief against Texas and Federal officials; that he could have proved his RICO claims if given the chance; that the Texas Transportation Code is unconstitutional; and that his incarceration based on a void capias was illegal.

Sparkman provides no factual allegations to support his contentions, apart from his allegation that the Clerk of Court signed the capias and that the visiting judge who presided over the case refused to do so because the charge, the trial, and the appellate opinion in the case were fraudulent.  He has failed to brief his issues for appeal.  *Brinkmann*, 813 F.2d at 748.

A clerk of court may sign a capias following a decision of a Texas appellate court.  *See* TEX. R. APP. P. 51.2(b)(1); *see, e.g., Ex Parte Lopez*, 988 S.W.2d 788, 789 (Tex. App. 1999).  Sparkman's contention therefore is unavailing.

Sparkman's contention that the district court erred by failing to conduct a de novo review is without a factual basis. The district court conducted a de novo review.

Sparkman's appeal is without arguable merit and therefore is frivolous.  *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). We imposed a monetary sanction on Sparkman in 1994, *Sparkman v. Gwyn*, No. 93-4409, slip op. at 3 (5th Cir. Apr. 20, 1994)

(unpublished); it is unclear whether he has paid that sanction.
Sparkman was warned in 1995 "not to tax this court's patience
with any other frivolous filings." *Sparkman v. Skeen*, No. 94-
41142, slip op. at 2 (5th Cir. Mar. 29, 1995)(unpublished). We
impose a monetary sanction of $100 on Sparkman, payable to the
clerk of this court, for pursuing this frivolous appeal. We warn
Sparkman that if he continues to file frivolous pleadings in this
court or in the district court, he will be sanctioned
additionally, including a restriction on the filing of pleadings.

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTION IMPOSED.