Affirmed and Memorandum Opinion filed June 5, 2003









Affirmed
and Memorandum Opinion filed June 5, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00082-CR

____________

 

EX
PARTE BENNIE MILTON MARTIN

 

 



 

On Appeal from the
180th District Court

Harris County, Texas

Trial Court Cause
No. 933,721

 



 

M E M O R A N D U M    O P I N I O N

This is an appeal from
the denial of a writ of habeas corpus. 
Appellant Bennie Milton Martin sought relief from a Governor’s Warrant
directing his extradition to the State of New Jersey, where he is wanted on the
charge of health care claims fraud.  The
trial court conducted a hearing and denied habeas corpus relief on January 10,
2003.  In three issues, appellant
complains that (1) the Governor=s
Warrant is not accompanied by a certified or authenticated copy of a warrant as
required under article 51.13, section 3 of the Texas Code of Criminal
Procedure; (2) the order of arrest accompanying the complaint does not comply
with the requirements of an arrest warrant under Texas law; and (3) the
complaint is defective under Texas law because it was based upon information
and belief.  We affirm.








1.         Is There a Properly Authenticated Warrant?

In his first issue,
appellant contends the Governor=s
Warrant was not accompanied by a properly authenticated warrant for his arrest
in New Jersey, which he contends is required by article 51.13, section 3 of the
Texas Code of Criminal Procedure.  Texas
adopted the Uniform Criminal Extradition Act in the form of article 51.13.  Section 3 of that article provides that no
demand for extradition of a person charged with a crime in another state shall
be recognized unless it is accompanied by at least one of the following:  (1) an indictment; (2) an information
supported by affidavit; (3) an affidavit made before a magistrate, together
with a copy of any warrant issued thereupon; or (4) a copy of a judgment of
conviction or sentence imposed, together with a statement that the person has
escaped from confinement or has broken the terms of his bail, probation or
parole.  See Tex. Code Crim. Proc. Ann. art. 51.13, ' 3 (Vernon 1979); see
also Ex parte Mason, 656 S.W.2d 470, 471 (Tex. Crim. App. 1983) (requirements of
article are stated in the disjunctive, meaning only one of the stated documents
is sufficient to satisfy the statute). 
Appellant apparently contends that the requirement of “an affidavit . .
. together with a . . . warrant” is not satisfied.

The introduction of a
governor’s warrant, regular on its face, is sufficient to make out a prima
facie case authorizing extradition.  Ex parte Burns, 507 S.W.2d 777, 778 (Tex. Crim. App. 1974).  After the prima facie case for extradition is
made out, the burden then shifts to the accused to show that the warrant was
not legally issued, that it was not based on proper authority, or that its
recitals are inaccurate.  Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980).  A prima facie case can be defeated or
supported by the supporting papers introduced, regardless of which party may
have offered the supporting papers into evidence.  Id.








Among the supporting
papers accompanying the Governor’s Warrant, as appellant acknowledges, is a
properly authenticated complaint. 
Appellant contends, however, that nowhere in the supporting papers is
there a properly authenticated warrant for his arrest.  We have reviewed the complaint, and find that
the form of the complaint contains both a complaint and a warrant, which was
sworn to before a judge of the Superior Court of the County of Passaic, New
Jersey.  The complaint and warrant form
recites the offense charged, and at the bottom of the form is the following
recital: “To any peace officer or other authorized person: Pursuant to this
warrant, you are hereby commanded to arrest the named defendant and bring (him)
(her) forthwith before this court to answer the foregoing complaint.”  The court issuing the complaint and warrant
is identified on the form as the ASuperior@ Court of the County of
Passaic, New Jersey.  In the space for
the signature of the person administering the oath appears a stamp of the name “Miguel
de la Carrera, J.S.C.” and a corresponding signature.  The complaint is accompanied by a supporting
affidavit, which is entitled “Probable Cause Affidavit in Support of Arrest
Warrant.”  This affidavit was executed by
a Michael J. English, a State Investigator of the New
Jersey Division of Criminal Justice, and was sworn to before Miguel de la
Carrera, who signed the affidavit above the signature line for the “Judge of
the Superior Court.”  Therefore, it is
evident that both a complaint and a warrant were sworn to before Miguel de la
Carrera, Judge of the Superior Court of Passaic County, New Jersey.

In addition to the
certification of the complaint and warrant as authentic, the New Jersey
Governor=s Requisition certifies
as authentic all the supporting papers accompanying the request for
extradition, and the certification accompanying the demand for extradition is
signed by the Governor and the Secretary of State of New Jersey and bears the
state seal.  These certifications are
sufficient to authenticate all the supporting papers.  See Ex parte Reagan, 549 S.W.2d 204,
205 (Tex. Crim. App.
1977); Moberg v. State, 743 S.W.2d 316,
317B18 (Tex. App.CHouston [14th Dist.]
1987, no pet.).








We find, therefore, that
the complaint contains a properly certified and authenticated warrant supported
by an affidavit sworn to before a superior court judge of Passaic County, in
the State of New Jersey.  This is sufficient
to satisfy the requirement of section 3 that the demand for extradition be
accompanied by an affidavit before a magistrate and a warrant.  See Tex.
Code Crim. Proc. Ann. art.
51.13, '
3. 

Therefore, we overrule
appellant=s
first issue.




2.         Does the Order to Arrest Fail to Comply with Texas Law?

In his second issue,
appellant contends the order to arrest_the
warrant we have discussed_is defective
because it fails to satisfy the requirement of article 15.02 of the Texas Code
of Criminal Procedure that a valid warrant must be “signed by the magistrate,
and his office be named in the body of the warrant, or in connection with his
signature.”  See Tex. Code Crim. Proc. Ann. art. 15.02(3)
(Vernon 1977).  Appellant contends
we must apply Texas law because “no New Jersey statutory or procedural laws
were presented to the trial court.”[1]  We disagree. 









Interstate extradition
was intended to be a summary and mandatory executive proceeding derived from
the language of the Extradition Clause of the United States Constitution.  Michigan v. Doran, 439 U.S. 282, 288 (1978).  When the governor of the asylum state has
issued the governor’s warrant, it is prima facie evidence that the
constitutional and statutory requirements have been met.  Id. at 289.  The purpose of habeas corpus review of an
extradition proceeding is not to inquire into the viability of the prosecution
or confinement in the demanding state; rather, the sole purpose is to test the
legality of the extradition proceedings. 
Rentz v. State, 833 S.W.2d 278,
279 (Tex. App.CHouston [14th Dist.] 1992, no pet.).  When a court in the asylum state reviews the
legality of an arrest under a governor=s
warrant, the court may only consider the following issues: (1) are the extradition
documents valid on their face? (2) did the demanding
state charge petitioner with a crime? (3) is the
petitioner the person named in the request for an extradition? and (4) is the petitioner a fugitive?  Doran, 439 U.S. at 289; Rentz, 833 S.W.2d at 279.  Here, we are concerned only with the first
issue.

Under article 51.13,
section 3, the indictment, information, or affidavit made before the magistrate
must substantially charge the person demanded with having committed a crime
under the law of the demanding state.  Tex. Code Crim. Proc. Ann. art. 51.13,
' 3.  The purpose of requiring one of the
enumerated set of documents is to show that the person whose surrender is
sought was charged in the regular course of judicial proceedings.  See Ex parte Rosenthal,
515 S.W.2d 114, 119 (Tex.
Crim. App. 1974).  Absent
evidence of fraud, our courts will not look behind this showing.  Id. 
Moreover, the sufficiency of the indictment, information, or affidavit
as a criminal pleading is not at issue in the asylum state.  Id. 
In Ex parte Flores, 548 S.W.2d 31 (Tex. Crim. App.
1977), the Court of Criminal Appeals stated:

Our position upon
this question is that, if it reasonably appears upon the trial of the habeas
corpus that the relator is charged by indictment, in the demanding state,
whether the indictment be sufficient or not under the law of that state, the
court trying the habeas corpus case will not discharge the relator because of
substantial defects in the indictment in the demanding state, when the true
rule is that, if it appears to the court that he is charged by indictment with
an offense, all other prerequisites being complied with, the applicant should
be extradited.

Id. at 32 (quoting Pearce
v. State, 32 (Tex.
Crim. 301, 23 S.W. 15 (1893)). 









Here, the Governor=s Requisition, signed by
the Governor and Secretary of State of New Jersey, reflects that appellant is
charged “by Complaint and Warrant issued thereon” with the crime of health care
claims fraud in violation of New Jersey law. 
The papers supporting the charged offense include the affidavit of
probable cause, the complaint, and the warrant. 
These documents demonstrate that appellant was substantially charged as
required by Texas Code of Criminal Procedure article 51.13, section 3.  Accordingly, we conclude that the sufficiency
of the supporting warrant is an issue for the New Jersey courts, not this
court.  See Saenz v. State, 700
S.W.2d 648, 650 (Tex.
App.CCorpus Christi 1985, no pet.) (holding that any problems with the papers used to support
another state=s
demand for extradition are to be resolved by the courts of that state).  

Moreover, we have already
determined that the warrant reflects that it was signed by a judge of the
Superior Court of Passaic County, New Jersey. 
Therefore, appellant=s
complaintCthat
the warrant does not contain the signature of a magistrate whose office is
named in the body of the warrant or in connection with his signature_is
unfounded.

We overrule appellant=s second issue.

3.         Is the
Complaint Defective under Texas Law Because It was Based Upon Information and
Belief?

In his third issue,
appellant contends that the complaint is defective because it fails to comply
with article 15.05 of the Texas Code of Criminal Procedure, which sets out the
requisites of a complaint in Texas. 
Among other things, the complaint “must show that the accused has
committed some offense against the laws of the State, either directly or that
the affiant has good reason to believe, and does believe, that the accused has
committed such offense.”  See Tex. Code Crim. Proc. Ann. art. 15.05(2)
(Vernon 1977).  Specifically,
appellant contends that, in the complaint, the complainant swore “to the best
of (his) (her) knowledge, information and belief” that appellant committed the
charged offense, instead of swearing that he had “good
reason to believe” or “does believe” that appellant committed the offense.  As in his second issue, appellant argues in
his third issue that we must apply Texas law in the absence of the introduction
of New Jersey law.  








However, as we explained
in our discussion of issue two, the sufficiency of the charging instrument as a
criminal pleading is not at issue in the asylum state, but is a matter to be
resolved by the courts of the demanding state. 
See Flores, 548 S.W.2d at 32; Rosenthal,
515 S.W.2d at 119.  Additionally, Texas
courts have held that complaints and affidavits containing averments “on
information and belief” are permissible in extradition proceedings.  See Ex parte Terranova,
170 Tex. Crim. 445, 341 S.W.2d 660, 661 (1960); Ex parte McClintick,
945 S.W.2d 188, 192 (Tex.
App.CSan Antonio 1997, no pet.).

Appellant’s third issue
is overruled.




The
trial court=s
judgment is affirmed.

 

 

/s/        Wanda McKee Fowler

Justice

 

Judgment rendered and Memorandum
Opinion filed June 5, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P.
47.2(b).

 

 











[1]  We note that
appellant is incorrect that no New Jersey laws were presented to the trial
court.  The supporting papers included a
copy of the New Jersey statute governing health care claims fraud and the
applicable sentencing guidelines.