**Ex parte Jerry Wayne MASON.**

**No. 1038–82.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 1983.

Donald B. Dailey, Jr., Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., Dan Flynn and Jeffery A. Babcock, Asst. Dist. Attys., Corpus Christi, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

This is an appeal from a habeas corpus proceeding in which appellant was ordered extradited to California. The Corpus Christi Court of Appeals, Thirteenth Supreme Judicial District, affirmed in an unpublished opinion. We granted appellant's petition for discretionary review in order to examine the Court of Appeals' holding that the supporting papers are sufficient to show appellant "was charged in the regular course of judicial proceedings under the laws of the State of California."

Appellant contends "the papers supporting the Governor's Warrant for extradition are insufficient to show that petitioner has been charged or convicted of a crime." He argues the supporting papers do not contain a sentence; a judgment of conviction; an indictment; an information supported by an affidavit; or an affidavit before a magistrate, together with any warrant issued thereon, as required by Art. 51.13, Sec. 3, V.A.C.C.P.

■ Although a prima facie case may be established by the introduction of the Governor's Warrant regular on its face, such prima facie case may be defeated by the supporting papers. *Ex parte Robbins,* 575 S.W.2d 27. Among the supporting papers in the instant case is a complaint sworn to before a deputy clerk of the court on July 1, 1981, charging appellant with two counts of oral copulation with a child and with one count of incest. On the back of the complaint is the following, which is dated July 28, 1981 and signed by the judge of the municipal court:

"It appearing to me that the offense of Felony, to wit, 3rd count, violation of

Section 288(a) of the Penal Code has been committed, and that there is sufficient cause to believe that the within named JERRY WAYNE MASON guilty thereof, I order that he be held to answer the same, and committed to the Sheriff of the County of Kern, and that he be admitted to bail in the sum of FIFTY THOUSAND Dollars and he be committed to the Sheriff of Kern County until he gives such bail."

Also contained among the supporting papers is a document dated July 28, 1981, entitled "859a PLEA", which recites "the defendant entered a plea of guilty to the crime of felony to wit, 1st count, in Violation of Section 288 of the Penal Code pursuant to Section 859a of the Penal Code." There also is a bench warrant among the supporting papers dated November 12, 1981, signed by a judge of the superior court, which states appellant failed to appear for sentencing and for a hearing on the mental health director's report.

■ Because the statutory requirements for the supporting papers are disjunctive, it is not necessary all the instruments listed in Art. 51.13, Sec. 3, supra, accompany the demand for extradition. *Noe v. State,* 654 S.W.2d 701 (1983). The letter of the statute is satisfied if at least one of the listed instruments accompany the demand.

■ Although in the instant case there is no indictment or information supported by an affidavit, there is a complaint sworn to before a deputy clerk with a magistrate's order issued thereon. Whether such a complaint is sufficient as a charging instrument under the law of a sister state is essentially a question of law. A trial judge may not of his own motion take judicial notice of the laws of other states. R. Ray, Texas Law of Evidence, Sec. 173 (3rd ed. 1980). Whatever the limitations on a trial court, however, we reject the notion that an appellate court must look solely to the record made in the trial court for "evidence" of statutory provisions in the law of a sister state. *Acosta v. State,* 650 S.W.2d 827 (1983, J. Clinton, concurring opinion). From readily available and easily accessible sources, appellate

judges are competent to ascertain with reasonable certainty whether a complaint is sufficient as a charging instrument under the law of another state.

Sec. 859a(a), West's Ann.Cal.Penal Code, provides the following:

"If the public offense charged is a felony not punishable with death, the magistrate shall immediately upon the appearance of counsel for the defendant read the complaint to the defendant and ask him whether he pleads guilty or not guilty to the offense charged therein . . . thereupon, or at any time thereafter, while the charge remains pending before the magistrate and when his counsel is present, the defendant may plead guilty to the offense charged . . . and upon such plea of guilty . . . the magistrate may then fix a reasonable bail . . . and certify the case . . . to the superior court, and thereupon such proceedings shall be had as if such defendant had pleaded guilty in such court."

As reflected by the supporting papers the procedure set forth in Sec. 859a(a), supra is the procedure followed in the case at bar.

In addition, Sec. 806, West's Ann.Cal.Penal Code, provides that "when the complaint is used as a pleading to which the defendant pleads guilty under Section 859a . . . the complaint . . . shall be construed and shall have substantially the same effect as provided in the code for indictments and informations."

■ The Court of Appeals taking judicial notice of California law found appellant "was charged in the regular course of judicial proceedings." It noted the California Penal Code, Sec. 806, gives a complaint pled to under Sec. 859a "*substantially the same effect as an indictment.*" We agree with the Court of Appeals' finding that the complaint was sufficient as a charging instrument under the laws of the State of California and that the requirements of Art. 51.13, Sec. 3, supra, have been met.

1. Had the question been simply whether the instruments were valid to charge a crime in California, it might have been enough to determine whether an affidavit of complaint in that

The judgment of the Court of Appeals is affirmed.

ONION, P.J., and TEAGUE, J., dissent.

W.C. DAVIS, Judge, concurring.

While this Court ordinarily will not go behind the face of a demanding state's charging instrument to determine its validity, that being a question for the demanding state to determine, *Ex Parte Flores,* 548 S.W.2d 31 (Tex.Cr.App.1977), I do not believe it unreasonable to look behind the face of the papers supplied by the demanding state where that is necessary, as it is here, to determine not simply whether the instruments are sufficient to charge an offense in that state, but whether the threshold requirement that a crime has been *substantially* charged by some means cognizable under Art. 51.13, V.A.C.C.P., § 3[1] has been met.

Satisfied that the majority has not abandoned the holding of *Flores,* I concur in the judgment of the Court.

MILLER, J., joins.

state may be made before the clerk of the court, rather than only before a magistrate, as contemplated by Art. 51.13.