**Ex parte Heidi Louise ZETTY, Appellant.**

**No. 3–88–174–CR.**

Court of Appeals of Texas, Austin.

Feb. 22, 1989.

Ray Bass, Austin, for appellant.

Ronald Earle, Dist. Atty., Sally Swanson, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

This is an appeal from an order in a habeas corpus proceeding in which Heidi Louise Zetty was remanded to the custody of the Travis County Sheriff for extradition to the State of Nevada. We will affirm the order.

At the habeas corpus hearing the State introduced an executive warrant of the Governor and supporting papers. Zetty contends in her only point of error that these supporting papers do not contain any of the required instruments listed in Tex. Code Cr.P.Ann. art. 51.13, § 3 (1979), which states that the demand for extradition shall be "accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant issued thereupon...."

The requirements of art. 53.13, § 3 are satisfied if at least one of the listed instruments accompanies the extradition demand. *Noe v. State,* 654 S.W.2d 701, 702 (Tex.Cr. App.1983), *cert. denied,* 464 U.S. 997, 104 S.Ct. 497, 78 L.Ed.2d 689 (1983).

Zetty complains that a warrant dated April 26, 1988 was based on an affidavit of Bruce J. Blair, dated April 21, 1988, which was sworn before a notary public rather than a magistrate. Zetty fails, however, to address a second affidavit and arrest warrant, both dated May 31, 1988. The second affidavit, which is sworn before a magistrate, is also signed by Bruce J. Blair and incorporates by reference the criminal complaint, the affidavit dated April 21, 1988, the arrest warrant dated April 26, 1988 and a three page officer's report. All of these instruments were admitted into evidence at the habeas corpus hearing and, together, meet the requirements of art. 51.13, § 3.

Even were the May 31, 1988 affidavit and arrest warrant defective for any reason, the remaining supporting instruments still meet the requirements of art. 51.13, § 3. We may take judicial notice of the laws of another state to determine if the included supporting instruments have "substantially the same effect" as the instruments required in art. 53.13, § 3. Tex. R.Cr.Evid.Ann. 202 (Supp.1988); *Ex Parte Mason,* 656 S.W.2d 470, 472 (Tex.Cr.App. 1983). Under Nevada law a warrant for arrest may be issued by a magistrate from a complaint or from an affidavit or affidavits filed with the complaint. Nev.Rev. Stat.Ann. § 171.106 (Michie 1986).

> The complaint is a written statement of the essential facts constituting the public offense charged. It must be made upon:
>
> 1. Oath before a magistrate or *notary public;* or
> 2. Declaration which is made subject to the penalty for perjury.

*Id.,* § 171.102 (emphasis added). The April 21, 1988 affidavit was made before a notary public, as required by Nevada law, and has substantially the same effect as an affidavit signed before a magistrate under Tex.Code Cr.P.Ann. art. 15.03, (a), par. 2 (1977). We conclude the April 21, 1988 affidavit, April 25, 1988 complaint and April 26, 1988 arrest warrant are sufficient to meet the requirements of art. 51.13, § 3.

Because the instruments accompanying Zetty's demand for extradition are sufficient, her point of error is overruled.

The trial court's order is affirmed.