**Ex parte Rudy MORALES.**

**No. 07–90–0282–CR.**

Court of Appeals of Texas, Amarillo.

June 7, 1991.

Jeff Blackburn, Amarillo, for appellant.

Jack Q. Barton, County Atty., Stratford, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellant Rudy J. Morales brings this appeal from an order remanding him to custody for extradition to the State of Wisconsin. In one point, he contends the trial court erred in ordering extradition because the papers supporting the Governor's Warrant are insufficient to meet the requirements of Texas Code of Criminal Procedure Annotated article 51.13 § 3 (Vernon 1979).[1] The State has not favored us with a brief. We affirm the trial court's judgment.

At the habeas corpus hearing giving rise to this appeal, the State introduced the Executive Warrant of the Governor of Texas, dated September 14, 1990, regular on its face, together with all its supporting papers. The Governor's Warrant recites "... RUDY J. MORALES, fugitive, stands charged with the crime of BATTERN (sic), DISORDERLY CONDUCT, and BAIL

---

1. Later references to article numbers are to those articles of the Texas Code of Criminal Procedure unless otherwise specified.

JUMPING...." No evidence was offered by either party at the hearing.

■ It is well settled that the introduction of the Governor's Warrant, regular on its face, makes out a prima facie case for extradition. *Ex parte Nelson,* 594 S.W.2d 67, 67–68 (Tex.Crim.App. [Panel Op.] 1979). Once the Governor's Warrant is placed into evidence then the burden is placed upon the person named therein to show that the warrant was not legally issued. *Ex parte Bunch,* 519 S.W.2d 653, 654 (Tex.Crim.App. 1975).

The gravamen of appellant's complaint is that the Governor's Warrant is not supported by a warrant based upon an affidavit sworn to before a magistrate. According to article 51.13 § 3, no demand for extradition shall be recognized by the Governor unless the demand is accompanied by either:

1. Copy of an indictment;
2. Information supported by affidavit;
3. Copy of an affidavit before a magistrate there, together with a copy of any warrant issued thereupon; or
4. Copy of a judgment of conviction or of a sentence imposed.

■ The supporting papers introduced with the Governor's warrant can be used to buttress or defeat the prima facie case made out by the introduction of that warrant. *Ex parte Cain,* 592 S.W.2d 359, 362 (Tex.Crim.App.1980) (on rehearing).

The supporting papers in the case at bar include:

1. A sworn application for requisition executed by an assistant district attorney of Grant County, Wisconsin alleging appellant was charged in Wisconsin with the misdemeanor offenses of battery, disorderly conduct, and bail jumping. The application is dated August 29, 1990 and includes excerpts from pertinent Wisconsin statutes.
2. An "affidavit of complaining witness" executed by Ms. Jan Udell and dated August 29, 1990. Ms. Udell's affidavit and complaint are sworn to before John R. Wagner, Judge of the Circuit Court, Grant County, Wisconsin.

In her affidavit, executed in connection with the application for requisition, Ms. Udell, a deputy circuit court clerk, in Wisconsin, recites that she is now the complaining witness in the cases against appellant. She recites that she did not sign the complaint charging appellant with bail jumping but that it was signed by former deputy circuit court clerk Lois Macke.

She also recites that she did not sign the complaint charging appellant with the offenses of battery and disorderly conduct but former Grant County Deputy Sheriff Kenneth Eng signed that complaint. Both of those instruments are on file in her office. She stated that certified copies of those instruments were annexed and made a part of her affidavit by reference.

Ms. Udell also avers that based upon the criminal complaints, Wisconsin Circuit Judge John R. Wagner issued a criminal warrant and that a certified copy of that warrant was annexed and made a part of the affidavit by reference.
3. With the Udell affidavit are included certified copies of the Eng and Macke affidavits and of the warrants issued thereunder. Eng's affidavit is dated November 1, 1989, and Macke's affidavit is dated January 31, 1990. Both the Eng and Macke affidavits are sworn to before an assistant district attorney of Grant County, Wisconsin.
4. Also included with the affidavit, and certified to by Ms. Udell, is a bench warrant issued by Judge Wagner dated January 26, 1990, based upon appellant's failure to appear for trial upon the battery and disorderly conduct charges. There is also included a certified copy of a criminal warrant issued by Judge Wagner dated January 31, 1990, authorizing the arrest of appellant for the offense of misdemeanor bail jumping.
5. Certification of an assistant attorney general of the State of Wisconsin that the requisition and accompanying papers are in compliance with Wisconsin law.
6. Requisition from the State of Wisconsin executed by the Governor of that

State with a certification by the Secretary of State of Wisconsin.

All of the Wisconsin papers are duly authenticated by certificates of the Judge of the Circuit Court, Grant County, Wisconsin, and by the clerk of that court.

Appellant emphasizes that the affidavits forming the basis of the warrants issued by Judge Wagner were not sworn before a magistrate but were sworn before an assistant district attorney. There is no warrant issued upon the basis of the Udell affidavit which was sworn to before a magistrate. Under those facts, appellant theorizes, the requirement of article 51.13 § 3 applicable here, *i.e.*, that the supporting papers include a "copy of an affidavit before a magistrate there, together with a copy of any warrant issued thereupon" was not satisfied. The Udell affidavit, he says, cannot supply the deficiency because it was not made until after the warrants had issued and was only made in support of the requisition, ergo, the Texas Governor's Warrant is not properly supported.

 The purpose of article 51.13 § 3 in requiring that the demand be accompanied by one of the enumerated set of instruments is to present a showing that the person whose surrender is sought was charged in the regular course of judicial proceedings. *Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex.Crim.App.1974). The requirements of article 51.13 § 3 are disjunctive and the article is satisfied if at least one of the listed instruments accompanies the extradition demand. *Noe v. State*, 654 S.W.2d 701, 702 (Tex.Crim.App.), *cert. denied*, 464 U.S. 997, 104 S.Ct. 497, 78 L.Ed.2d 689 (1983). Thus, if the supporting papers in the case at bar show a sufficient complaint affidavit accompanied by any warrant issued thereon, the requirement of the statute is met.

 It is true that in this case, the warrants issued by the Wisconsin judge were based upon a complaint sworn before an assistant district attorney and not before a magistrate. However, we are instructed in *Ex parte Mason*, 656 S.W.2d 470, 472 (Tex.Crim.App.1983), that we may look behind the face of the papers supplied by the demanding state to determine if those supporting instruments show that a fugitive was charged in the regular course of judicial proceedings in the demanding state. If so, they sufficiently comply with article 51.13 § 3.

In the *Mason* case, the relevant question to be determined by the Court was whether a complaint sworn to before an assistant district attorney in California had substantially the same effect as a complaint sworn to before a magistrate as required in Texas under article 15.03(a)(2).

In the course of its discussion, the *Mason* Court pointed out that, while a trial court may not take judicial notice of the laws of other states, an appellate court may do so. Surveying the applicable California law, the Court found the complaint was sufficient as a charging instrument under California law. Thus, the California complaint had substantially the same effect as a complaint sworn before a magistrate in Texas and was sufficient to meet the requirement of article 51.13 § 3. *Ex parte Mason*, 656 S.W.2d at 471–72.

In *Ex parte Zetty*, 765 S.W.2d 908 (Tex. App.—Austin 1989, no pet.), another extradition case, the court had occasion to determine if a Nevada complaint sworn to before a notary public, upon which an arrest warrant had issued, had substantially the same effect as a complaint sworn to before a magistrate under Texas law. Citing *Ex parte Mason*, *supra*, and applying Nevada law, the appellate court determined the procedures in the two States were so substantially similar that the Nevada affidavit and the warrant based thereon sufficiently met the requirement of article 51.13 § 3. *Id.* at 909.

In support of his proposition, appellant places primary reliance upon the decision in *Ex parte Blankenship*, 651 S.W.2d 430 (Tex.App.—Dallas 1983, pet. ref'd). In that case, the court held that a Wisconsin complaint sworn to before the district attorney and the warrant issued thereunder were not sufficient to meet the "affidavit before a magistrate" requirement of article 51.13 § 3. However, the *Blankenship* decision

was made before the decision of the Court of Criminal Appeals in Mason v. State had been handed down. Thus, the *Blankenship* court did not have the benefit of the direction of the *Mason* Court when it rendered its decision. Accordingly, we do not find its rationale dispositive of the case at bar.

Section 968.01(2), Wisconsin Statutes, provides, except for a circumstance not relevant here, that a complaint should be made before a district attorney or judge as provided in the chapter. Section 968.02 of those statutes provides unless a district attorney is unavailable or refuses to issue a complaint, the complaint "shall be issued only by a district attorney of the county where the crime is alleged to have been committed." It also provides a complaint is issued when it is approved for filing by the district attorney in the form of a written endorsement on the complaint. Examination of the Eng and Macke complaints and the warrants issued thereunder shows they complied with those statutes. Thus, under the teaching of the *Mason* case and its progeny, the papers supporting the Governor's Warrant were sufficient to meet the requirements of article 53.13 § 3.

Accordingly, appellant's point of error is overruled and the judgment of the trial court affirmed.