Affirmed and Memorandum
Opinion filed October 8, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00493-CR

____________

 

EX PARTE THOMAS ELVIN PACKER

 

 



 

On Appeal from the County Criminal Court
at Law No. 10

Harris County, Texas

Trial Court Cause No. 1599533-A

 



 

M E M O R
A N D U M   O P I N I O N

Appellant filed an application for writ of habeas corpus
challenging the legality of his arrest under a Governor’s Warrant authorizing
his extradition to California. After a hearing, the trial court granted relief
and set bail at $150,000. On reconsideration three days later, the court denied
relief and remanded appellant to the Harris County Jail for extradition to
California. See Tex. Code Crim. Proc. Ann. art. 51.13 § 12 (Vernon 2006).
This appeal followed. See Tex. R. App. P. 31 (governing appeals in
habeas corpus, bail, and extradition proceedings).

In his sole issue, appellant asserts that he is entitled to
habeas relief because the State was required to present a new Governor’s
Warrant before the trial court could reconsider his request for relief and
remand him for delivery to California. Appellant contends that because the
trial court initially found the documentation defective and granted relief, a
new Governor’s Warrant, taking into consideration the revised documents, was required.

We review a trial court’s ruling on a writ of habeas corpus
under an abuse of discretion standard. Kniatt v. State, 206 S.W.3d 657,
664 (Tex. Crim. App. 2006). Appellant bears the burden to prove he is entitled
to the relief sought by a preponderance of the evidence. Id. The
evidence is reviewed in the light most favorable to the trial court’s ruling. Id.
A reviewing court should affirm the trial court’s decision if it is correct on
any legal theory applicable to the case. Ex parte Primrose, 950 S.W.2d
775, 778 (Tex. App.—Fort Worth 1997, pet. ref’d). 

The United States Supreme Court has recognized that interstate
extradition is intended to be a summary and mandatory executive proceeding. Michigan
v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530 (1978). A demand for extradition
must comply with the Uniform Criminal Extradition Act, which Texas has adopted.
See Tex.Code Crim. Proc. Ann. art. 51.13 (Vernon 2006). An asylum state
court considering release on habeas corpus in an extradition proceeding can do
no more than decide: (1) whether the extradition documents are in order; (2)
whether the applicant has been charged with a crime in the demanding state; (3)
whether the applicant is the same person named in the extradition request; and
(4) whether the applicant is a fugitive. State ex rel. Holmes v. Klevenhagen,
819 S.W.2d 539, 543 (Tex. Crim. App. 1991) (orig. proceeding).

The purpose of habeas corpus review of an extradition
proceeding is not to inquire into the validity of the prosecution or
confinement in the demanding state; rather, the sole purpose is to test the
legality of the extradition proceedings. Rentz v. State, 833 S.W.2d 278,
279 (Tex. App.—Houston [14th Dist.] 1992, no pet.); Ex parte Geringer,
778 S.W.2d 132, 134 (Tex. App.—Houston [1st Dist.] 1989, no pet.). If the
documents from the foreign state do not meet the requirements of the Act, the
warrant should not issue and the accused is entitled to a discharge. See Ex
parte Sanchez, 642 S.W.2d 809, 811 (Tex. Crim. App. 1982).

According to article 51.13, the demanding state must provide
a written allegation that the accused was present in the demanding state at the
time of the commission of the alleged crime and he thereafter fled from the
State, accompanied by the following:

a copy of an indictment found or by information
supported by affidavit in the State having jurisdiction of the crime, or by a
copy of an affidavit before a magistrate there, together with a copy of any
warrant which issued thereupon; or by a copy of a judgment of conviction or of
a sentence imposed in execution thereof, together with a statement by the
Executive Authority of the demanding State that the person claimed has escaped
from confinement or has broken the terms of his bail, probation or parole. The
indictment, information, or affidavit made before the magistrate must
substantially charge the person demanded with having committed a crime under
the law of that State; and the copy of indictment, information, affidavit,
judgment of conviction or sentence must be authenticated by the Executive
Authority making the demand.

Tex. Code Crim. Proc. Ann. art. 51.13 § 3 (Vernon 2006). The requirements
of article 51.13 governing the demand for extradition are disjunctive, and the article
is satisfied if one of the listed instruments accompanies an extradition
demand. Ex parte Mason, 656 S.W.2d 470, 471 (Tex. Crim. App. 1983). The
purpose of the supporting documents is to show that the person whose surrender
is sought was charged in the regular course of judicial proceedings. Ex
parte Morales, 810 S.W.2d 470, 473 (Tex. App.—Amarillo 1991, no pet.). We may
look behind the face of the papers supplied by the demanding state to determine
if the supporting instruments show that a fugitive was charged in the regular
course of judicial proceedings in the demanding state. Id. If so, they
sufficiently comply with section 3 of article 51.13. Id.

            Copies of the following documents were admitted at the first
hearing on appellant’s application for writ of habeas corpus on May 18, 2009:
the warrant signed by the Governor of Texas, the Requisition signed by the
Governor of California, the California Governor’s signed appointment of the
Sheriff of San Bernardino County to transport appellant to California, the
California Secretary of State’s certification that the California Superior
Court Judge who signed the exemplification certificate is a duly elected and
qualified judge, the San Bernardino County District Attorney’s application for
requisition, the exemplification certificate from the clerk of the court, the
California warrant for appellant’s arrest, the indictment charging appellant
with offenses alleging sexual conduct and lewd and lascivious acts with a child
under the age of 14; the affidavit in support of the arrest warrant, and the
affidavit from the sheriff’s records supervisor attesting to the certified
copies of appellant’s fingerprints, photograph, and refusal to waive
extradition. These documents comply with the requirements set forth in section
3 of article 51.13. See Tex. Code Crim. Proc. Ann. art. 51.13 § 3
(Vernon 2006).

At this first hearing, appellant objected that an
exemplification certificate by the clerk of the California court contained a
blank for the name of the judge who signed it. When the trial court questioned
appellant’s counsel about the relief requested, he responded that he sought “a
bond be set pending them getting the proper paperwork on the Governor’s
Warrant.” Although the trial court had ruled that the documents supporting
extradition were in order, the court granted the requested temporary relief and
set bond. The court ordered that the bond expired on June 30, 2009, at which
time the parties were required to return to court.

At the second hearing on May 21, 2009, in addition to the Governor’s
Warrant, a second exhibit was admitted without objection. [1]
 A new exemplification certificate was included in the second exhibit,
but it was signed by a different judge. When the State asked the trial court to
deny the writ, appellant objected and argued that the new paperwork altered the
Governor’s Warrant, making a new warrant necessary. In addition, he pointed out
that the California documents that purportedly clarify the Governor’s Warrant
were sent directly to the Harris County District Attorney’s office from the
trial court in California and were not authenticated by the Executive Authority
from the demanding state as is required by section three of article 51.13. Furthermore,
he complained that these new documents were not presented to the Governor of
Texas in accordance with the Act. 

Even though the State offered the new exemplification
certificate at the second hearing, it maintained that the original paperwork
was valid on its face. An exemplification certificate is not
included in the list of essential documents required under the Act. The introduction
of a governor’s warrant, regular on its face, is prima facie evidence that all
constitutional and statutory requirements for extradition have been met. Michigan
v. Doran, 439 U.S. at 289; Ex parte Burns, 507 S.W.2d 777, 778 (Tex.
Crim. App. 1974). After the prima facie case for extradition is made, the
burden then shifts to the accused to show that the warrant was not legally
issued, that it was not based on proper authority, or that its recitals are
inaccurate. Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980). 

Courts have rejected similar challenges to minor irregularities
in the supporting papers accompanying the demand. In a case with a comparable deficiency
to the one at issue here, the Court of Criminal Appeals found the extradition
documents were sufficient despite a clerical error. See Ex parte Case,
485 S.W.2d 561, 562 (Tex. Crim. App. 1972). As here, the name of judge was
omitted on a certification by the clerk of the court. Id. The omission was
obviously a clerical error and did not render the extradition demand void. Id.


The Court of Criminal Appeals also found no error requiring
reversal when the State was given time to obtain an amended Governor’s Warrant
to complete blanks in the original. See Ex parte Oliver, 430 S.W.2d 511,
512-13 (Tex. Crim. App. 1968). The State obtained a second or amended executive
warrant after the accused objected to the blanks in the first warrant. Id.
at 512. The amended warrant was admitted into evidence and could be considered
with the original supporting demand documents. Id.; see also Ex parte Flores,
548 S.W.2d 31, 32-33 (Tex. Crim. App. 1977) (holding that fact that affidavits
of demanding state failed to state date on which offenses were allegedly
committed did not defeat extradition).

Similarly, we find that the blank in the exemplification
certificate is merely a clerical error that does not defeat extradition. We
agree with the State that the extradition demand admitted at the first hearing
was sufficient on its face to authorize extradition. Appellant failed to meet
his burden to defeat the prima facie case supporting extradition. There is no
evidence that the warrant was not legally issued, not based on proper authority
or that its recitals are inaccurate.

We hold that the trial court did not abuse its discretion in
denying appellant’s application for writ of habeas corpus. Appellant’s issue is
overruled. Accordingly, we affirm the trial court’s order.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]   Appellant
asserts that an amended complaint was also provided at the second hearing. The
complaint in Exhibit 2 is identical to the complaint in the original supporting
paperwork; both are entitled, “First Amended for Judge’s Signature Only Felony
Complaint,” and both are signed by the judge.