

# NUMBER 13-12-00322-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE ANTHONY ALLEN HAYES

**On appeal from the 105th District Court
of Kleberg County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Anthony Allen Hayes appeals the denial of his application for writ of habeas corpus that challenged his extradition from the State of Texas to the Commonwealth of Virginia for alleged crimes against children. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01–.65 (West 2006 & West Supp. 2011). We affirm.

## I. BACKGROUND

Hayes was arrested on November 10, 2011 in Kleberg County, Texas because two felony arrest warrants had been issued for him in the Commonwealth of Virginia.

The first arrest warrant was for "knowingly and intentionally propos[ing] an act of sexual intercourse" with a child, and the second was for "using a communication device or computer to attempt to solicit a minor." *See* VA. CODE ANN. §§ 18.2–370, 18.2–374.3 (2013). The trial court held an extradition hearing on December 1, 2011. Because a Governor's Warrant had not yet been formally issued, the trial court extended Hayes's incarceration for thirty days. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 7 (West 2006). On January 6, 2011, Hayes's incarceration was extended for another sixty days because the warrant still had not been issued. *See id.* art. 51.13, § 17 (West 2006).

The State of Virginia through its Governor, Robert F. McDonnell, eventually filed a formal requisition demand for Hayes on February 9, 2012. In response, Texas Governor Rick Perry issued a Governor's Warrant on February 14, 2012. The warrant states as follows:

> TO ALL SHERIFFS AND OTHER PEACE OFFICERS OF THIS STATE:
>
> WHEREAS it has been represented to me by the Governor of the State of VIRGINIA that ANTHONY ALLEN HAYES, the accused stands charged with the crimes of INDECENT LIBERTIES WITH A MINOR AND USING A COMMUNICATION DEVICE OR COMPUTER TO ATTEMPT TO SOLICIT A MINOR and is now to be found in the State of Texas, and the said Governor of VIRGINIA having, pursuant to the laws of the State of Texas and of the demanding state, demanded of me that I shall cause the said accused to be arrested and delivered to senior special agent LYNN C. HENDRICK AND SPECIAL AGENT CHAD M. MORRIS AND/OR AUTHORIZED AGENT OF ROCKINGHAM COUNTY authorized to receive into custody and convey the accused back to the demanding state; and
>
> WHEREAS the said representation and demand is accompanied by a copy of CRIMINAL COMPLAINT MADE BEFORE A MAGISTRATE AND WARRANT certified by the Governor of the demanding state to be authentic, whereby the accused is charged with said crimes; and it satisfactorily appearing that the representation of said Governor are true, YOU ARE THEREFORE, commanded to arrest and secure the said accused, wherever found within this State, to be delivered into the custody

of said agent(s) to be taken back to the demanding state, pursuant to said requisition, there to be dealt with according to law.

In short, Governor Perry issued his warrant because Governor McDonnell sent the Texas Governor's Office a requisition demand with (1) a criminal complaint made before a magistrate, and (2) a warrant, both of which documented Hayes's crimes in Virginia. The trial court ordered that Hayes be returned to Virginia. Hayes then filed this application for writ of habeas corpus.

## II. APPLICABLE LAW[1]

"An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003)); *see Ex parte McWilliams*, 272 S.W.2d 531, 531 (Tex. Crim. App. 1954). The applicant bears the burden to prove he or she is entitled to the relief sought by a preponderance of the evidence. *Kniatt*, 206 S.W.3d at 664.

Article 51.13 of the Texas Code of Criminal Procedure codifies the Uniform Criminal Extradition Act, which deals with extraditing persons from one state to another. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13. The Act "establishes procedures for the interstate transfer of persons against whom criminal charges are outstanding . . . . [and] applies to persons at liberty as well as to persons in prison." *Cuyler v. Adams*, 449 U.S. 433, 436 (1981); *Ex parte Garcia*, No. 13-11-097-CR, 2011 Tex. App. LEXIS 7908, at *1

---

[1] The State did not file a brief. *See Siverand v. State*, 89 S.W.3d 216, 220 (Tex. App.—Corpus Christi 2002, no pet.) (holding that when the State does not file a brief, "[t]he appellate court must make an independent examination of the merits of the claim of error."). "However, this examination must necessarily be limited to the arguments advanced in the trial court, otherwise, we run afoul of the prohibition of advancing argument on behalf of the parties." *Id*.

(Tex. App.—Corpus Christi Sept. 29, 2011, no pet.) (mem. op., not designated for publication). Section 3 explains the requirements for the requesting state's form of demand:

> No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole . . . all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney.

TEX. CODE CRIM. PROC. ANN. art. 51.13 § 3 (West 2006). Although this section sets forth that four types of documentation that must accompany the requesting warrant—an indictment, an information, a magistrate's affidavit, or a warrant—only one is required. *See Ex parte Mason*, 656 S.W.2d 470, 471 (Tex. Crim. App. 1983) (holding that "[b]ecause the statutory requirements for the supporting papers are disjunctive, it is not necessary all the instruments listed in Art. 51.13, Sec. 3, supra, accompany the demand for extradition"). "The letter of the statute is satisfied if at least one of the listed instruments accompany the demand." *Id.* "The purpose of TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3, in requiring that the demand be accompanied by one of the enumerated set of instruments, is to present a showing that the person whose surrender is sought was charged in the regular course of judicial proceedings." *Ex parte Morales*, 810 S.W.2d 470, 473 (Tex. App.—Amarillo 1991, no pet.)

4

The United States Supreme Court has held that "once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Michigan v. Doran*, 439 U.S. 282, 290 (1978). "A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met." *Id.* at 288–89.

### III. ANALYSIS

Hayes argues that Virginia Governor McDonnell's requisition was not accompanied by any of the four items required by article 51.13, section 3 to prove his alleged crimes in Virginia.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3. Hayes acknowledges that only one item needs to be included with the warrant. *See Ex parte Mason*, 656 S.W.2d at 471. However, because Governor McDonnell's warrant did not have an indictment, information accompanied by an affidavit, magistrate's affidavit, or an arrest warrant attached to it, Hayes contends that Governor Perry's warrant was deficient. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3. On this basis, he challenges the legality of his arrest. *See id.* art. 51.13m § 10.

At the outset, we note that Governor Perry's warrant specifically provided that Virginia Governor Robert McDonnell's Requisition Demand was accompanied by a copy of a "criminal complaint made before a magistrate" and "a warrant," in compliance with section 3 of article 51.13. *See id.* art. 51.13, § 3. Hayes contends that he never received formal copies of the "criminal complaint made before a magistrate" or the

---

[2] Hayes also appears to complain that he was arrested without a warrant, that the trial court untimely extended his time of commitment in the Kleberg County jail while awaiting Governor Perry's warrant, that no bond was issued, and later that his bond was excessive. However, because these complaints were neither presented to us as "issues presented" nor briefed with appropriate citations to authorities or to the record, we decline to consider them. *See* TEX. R. APP. P. 38.1(g), (i).

5

"warrant" that were attached to Virginia Governor McDonnell's requisition demand. However, Hayes's attorney admitted during the trial court's hearing that he and his client did eventually see copies of the warrants:

> The warrant that we saw in previous hearings was naked. There were no—the warrant is not attached to this requisition anyway, but the only warrant we've ever seen, meaning me and my client and this Court, is—just a naked, one-page warrant for each of the cases brought against my client, and there were no probable cause affidavits attached to that warrant.

Copies of these Virginia felony warrants are in the appellate record. In each of these warrants, there is a statement signed by Special Agent C.M. Morris that the undersigned "found probable cause to believe that the Accused [Hayes] committed the offense charged." Furthermore, the trial court judge noted that "the Court did provide all the documentation [to Hayes] at the last hearing that it did have. The Court took recesses and time to call Virginia to request facsimile copies of whatever documentation could be made available immediately."

Based on his briefing, Hayes's complaint is not that he did not know what he was being accused of, but rather that a procedural requirement was not met. *See id.* However, relying on the record before us, we conclude that Hayes had notice of why he was arrested and being extradited. The procedural defect in Governor McDonnell's warrant, if any, was cured when Hayes received copies of his arrest warrants from Virginia. There is sufficient documentation in the record to show that Hayes "was charged in the regular course of judicial proceedings" in Virginia. *Ex parte Morales*, 810 S.W.2d at 473.

In this matter, we take our guidance from the United States Supreme Court in its *Michigan v. Doran* case and hold that since Governor Perry has acted on this request

6

with the appropriate information, "no further judicial inquiry may be had." 439 U.S. at 290. Governor Perry's warrant acknowledged that he received the required documentation from the requesting state, Virginia. Governor Perry's warrant was also stamped with the State of Texas seal, directed to any peace officer in the State of Texas, and "substantially recite[d] the facts necessary to the validity of" the warrant's issuance. TEX. CODE CRIM. PROC. ANN. art. 51.13, § 7. And Hayes, through trial testimony, acknowledged that he received at least one of the forms of documentation to support the issuance of the Governor's warrant. Reviewing the evidence in the light most favorable to the trial court's ruling, we hold that the trial court did not abuse its discretion in ordering Hayes's extradition to Virginia. *See Kniatt*, 206 S.W.3d at 664. We overrule Hayes's sole issue.

## IV. CONCLUSION

Having overruled Hayes's single issue, we affirm the trial court's denial of his application for writ of habeas corpus.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
8th day of August, 2013.

7