

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00672-CR

**EX PARTE KEITH YARBROUGH**

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2015W0344
Honorable Andrew Carruthers, Judge Presiding

Opinion by:  Jason Pulliam, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Jason Pulliam, Justice

Delivered and Filed:  April 20, 2016

AFFIRMED

Keith Yarbrough was arrested in Bexar County, Texas pursuant to a warrant from the State of Michigan charging him with the offense of failure to pay child support. Yarbrough filed an application for writ of habeas corpus to contest the validity of the request for extradition. Following an evidentiary hearing, the trial court denied habeas relief and ordered Yarbrough extradited to Michigan.

### UNDERLYING FACTS

At the evidentiary hearing, the State called one witness, Patricia Nava, a Bexar County Sheriff Deputy. Through Nava's testimony, the State introduced the Governor's Warrant issued by the State of Michigan and supporting documents, which included a picture of Yarbrough, the criminal complaint and an arrest warrant. Yarbrough did not object to the authenticity of the

documents or their admission into evidence. Yarbrough was given the opportunity to cross examine Officer Nava to present defense and supporting evidence. Through this cross-examination, Yarbrough contested the Governor's Warrant and supporting documents. Yarbrough's challenges to any extradition and to the supporting documents focused on the issue whether the charged offense is a crime in Texas and the accuracy or validity of the form of the complaint, as it is different than the form used in Texas. Yarbrough presented no other witness or evidence.

## ANALYSIS

On appeal, Yarbrough contends the trial court abused its discretion by ordering his extradition because the supporting documents submitted with the Governor's Warrant were defective, and this defect defeated the State's *prima facie* case for extradition. Specifically, Yarbrough contends the warrant number associated with the criminal complaint is "12-61520 FY"; however, the supporting documents reflect that Yarbrough was in custody in Michigan under warrant number "11-5646". Yarbrough contends these documents show he was arrested in Michigan pursuant to a warrant different than the warrant contained within the supporting documents presented at the habeas hearing, and therefore, the State's proof failed to comply with the Uniform Criminal Extradition Act (UCEA).

### Standard of Review

An appellate court will review a trial court's order of extradition ruling on a writ of habeas corpus under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Packer*, 14-09-00493-CR, 2009 WL 3210693, at *1 (Tex. App.—Houston [14th Dist.] Oct. 8, 2009, pet. filed) (mem. op.) (unpublished). Appellant bears the burden to prove he is entitled to the relief sought by a preponderance of the evidence. *Kniatt*, 206 S.W.3d

at 664. The evidence is reviewed in the light most favorable to the trial court's ruling. *Id.* A reviewing court should affirm the trial court's decision if it is correct on any legal theory applicable to the case. *Ex parte Primrose*, 950 S.W.2d 775, 778 (Tex. App.—Fort Worth 1997, pet. ref'd).

### *Applicable Law*

In conducting an extradition hearing, the asylum state, in this case Texas, may do no more than determine whether the requisites of the UCEA have been satisfied. *Ex parte Kahn*, 04-07-00805-CR, 2008 WL 2037418, at *1 (Tex. App.—San Antonio May 14, 2008, no pet.) (mem. op.) (unpublished). The State establishes a *prima facie* case that the UCEA requirements have been satisfied by introducing into evidence a Governor's Warrant that "is regular on its face" and certain accompanying documents listed within Texas Code of Criminal Procedure Article 51.13. *Id.*; *see Ex parte Rosenthal*, 515 S.W.2d 114, 116 (Tex. Crim. App. 1974); TEX. CODE CRIM. PROC. ANN. art. 51.13 § 3 (West 2014). Because the statutory requirements for the supporting papers are disjunctive, it is not necessary all the instruments listed in Art. 51.13, Sec. 3 accompany the warrant and demand for extradition. *Ex parte Mason*, 656 S.W.2d 470, 471 (Tex. Crim. App. 1983). The intent and purpose of Art. 51.13, Sec. 3 is satisfied if at least one of the listed instruments accompany the demand. *Id.*

Once the State introduces into evidence a Governor's Warrant that is regular on its face, the burden shifts to the applicant to defeat the State's *prima facie* case. *Ex parte Mason*, 656 S.W.2d at 471. The applicant can defeat the State's *prima facie* case by proving the warrant was not legally issued, is not based on proper authority, or its recitals are inadequate. *Ex parte Lekavich*, 145 S.W.3d 699, 701 (Tex. App.—Fort Worth 2004, no pet.).

*Application*

Review of the record reveals the State satisfied its burden of proof to show satisfaction of the UCEA by admitting into evidence the Governor's Warrant from Michigan that is regular on its face. Given the opportunity to defeat the State's *prima facie* case, Yarbrough's challenges to the validity of the request for extradition and to the order of the Governor's Warrant were different than the challenge presented on appeal. For the first time on appeal, Yarbrough complains the Michigan arrest warrant number was different than the warrant number on the documents supporting the Governor's Warrant. Yarbrough failed to present this challenge at the habeas hearing to provide the trial court the opportunity to rule on this specific point. Because Yarbrough did not present this challenge, the trial court did not make a ruling, and nothing is presented for review on appeal. *See Babb v. State*, 868 S.W.2d 3, 4-5 (Tex. App.—El Paso 1993, no pet.); *Ex parte Kahn*, 2008 WL 2037418, at *1; *Shumate v. State*, C14-87--69-CR, 1987 WL 8296, at *1 (Tex. App.—Houston [14th Dist.] Mar. 19, 1987, no pet.) (unpublished).

For this reason, Yarbrough's sole issue on appeal is overruled. The trial court's order of extradition is affirmed.

Jason Pulliam, Justice

DO NOT PUBLISH